WILBUR F. BRYANT, APPELLANT, v. JARED T. RUNYAN, APPELLEE.

FILED OCTOBER 31, 1913. No. 17,125.

1. Attorney and Client: ACTION FOR SERVICES: EVIDENCE: COMPETENCY. In an action by an attorney at law to recover for services rendered in the defense of defendant's son, who was tried upon a charge of felony, there being evidence tending to prove that defendant employed and undertook to pay plaintiff for his services, evidence that plaintiff knew when he entered upon the employment that defendant's "financial condition was good" and that the son "was financially insolvent" is competent.

2. ———: ———: ———. If in such case plaintiff testifies that before he undertook the employment the defendant told him, "There will be no fancy attorney fee paid," and "I will have the attorney fee to pay, Charlie (the son) has nothing," and the defendant testifies, admitting a part of the language so attributed to him, the defendant's testimony that "I did not at that time promise to pay him" will be regarded as defendant's construction of the words used by him, and not as a denial that he used them.

3. ———: ———: ———. If the defendant made statements to the plaintiff which under the circumstances might reasonably be construed to amount to his employment of the plaintiff, the defendant's further statements in the same connection that "I didn't want him in the case personally, myself; I didn't want him. I said Charlie (the son) wanted him all right"—should not be construed as a denial that the defendant employed plaintiff to defend defendant's son because the son wanted him to do so.

4. ———: ———: ———. Evidence tending to show that plaintiff agreed to accept the same fee that his associate counsel had accepted is not considered, since there is no evidence tending to show that plaintiff has been paid the same amount as was paid his associate, and such agreement, if proved, would not therefore justify the general verdict for defendant.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*George W. Ayres,* for appellant.

*B. Ready* and *Mockett & Peterson, contra.*

SEDGWICK, J.

The plaintiff brought this action to recover a balance alleged to be due him for services as attorney at law in the defense of the defendant's son, who was prosecuted upon a charge of assault with intent to murder. The jury in the district court for Cedar county found a verdict for the defendant, upon which judgment was entered, and the plaintiff has appealed.

The plaintiff testified in his own behalf, showing somewhat in detail the services rendered by him in the criminal prosecution against the defendant's son, and testified that the services rendered by him were of greater value than the amount sued for. This testimony is not denied. The plaintiff also testified that shortly before the trial of the criminal case he had an interview with the defendant, in which the plaintiff wanted to continue the criminal case over the term, and the defendant objected to its being continued. The defendant wanted an immediate trial, but the son, who was being prosecuted, was indifferent about it, and in that conversation the defendant said to the plaintiff: "There will be no fancy attorney fee paid," and "I will have the attorney fee to pay, Charlie (the son) has nothing." The defendant was also a witness in the case, and in his testimony referred to the same conversation, admitted that he told the plaintiff that there was not going to be any fancy attorney fee paid to any one, and testified: "I did not at that time promise to pay him." He did not deny that he stated to the plaintiff, as the plaintiff testified, "I will have the attorney fee to pay, Charlie has nothing," but seems to have construed this as not being a direct promise to pay him.

The defendant also testified that he told the plaintiff that "I didn't want him in the case personally, myself; I didn't want him. I said Charlie wanted him all right." He now asks to have this language construed as meaning that he himself was not to pay the plaintiff, but Charlie was to pay him. In the light of the other evidence, it

would seem rather to be properly construed that he was willing to pay the plaintiff for the services simply because Charlie wanted him, and not because he, this defendant himself, thought it was advisable to employ him.

The plaintiff, while upon the witness stand, offered to prove that he knew at the time he undertook the employment that the son was financially insolvent, and was also acquainted with the financial standing of the defendant in the case and knew that his financial condition was good. This evidence was objected to, and was excluded by the court. The evidence should have been admitted, and, in connection with other evidence in the case, as the case then stood, would have required a verdict for the plaintiff. There was no substantial defense to the plaintiff's claim.

There was some evidence tending to show that the plaintiff agreed to accept the same fee that his associate counsel had accepted, and his associate counsel accepted a less amount than the amount sued for. This issue is not very fully presented, and its importance is not considered here, because the evidence does not tend to show that the plaintiff has already received the same compensation as received by his associate counsel.

While the action was pending in this court, the defendant died, and the action was revived against his widow, Sarah Runyan.

The judgment of the district court is therefore reversed and the cause remanded.

REVERSED.


BARNES, FAWCETT and HAMER, JJ., not sitting.